[Cite as *State v. Myers*, 2016-Ohio-7112.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-16-007

    Appellee                              Trial Court No. 11 CR 364

v.

Craig Myers                                      **DECISION AND JUDGMENT**

    Appellant                             Decided:  September 30, 2016

* * * * *

Craig R. Myers, pro se.

* * * * *

**JENSEN, P.J.**

{¶ 1} Defendant-appellant, Craig Myers, appeals the January 8, 2016 judgment of the Wood County Court of Common Pleas denying his motions to obtain dispatch records, for complete discovery, for release of all personal property from former defense counsel, and to dismiss court costs.

**{¶ 2}** Myers has set forth the following assignments of error in support of his appeal:

### FIRST ASSIGNMENT OF ERROR

Trial Court failed to review that the State failed to prove, that the Appellant provided marijuana to the alleged victim/resident during, or after the posting of the $50,000.00 dollar bond. [sic]

### SECOND ASSIGNMENT OF ERROR

Trial Court failed to show a "pattern of conduct" as to the menacing by stalking. The alleged victim did not show mental distress or fear of physical harm, or that the Appellant threatened physical harm tot he alleged victim, as the statute for menacing by stalking establishes. [sic]

### THIRD ASSIGNMENT OF ERROR

State prosecution engaged in a pattern of Prosecutorial misconduct, as well as a pattern of corrupt activity with law officials. Violating the Appellant's Constitutional right to due process. [sic]

### FOURTH ASSIGNMENT OF ERROR

The abuse of discretion that the Trial Court inflicted on to the Appellant, violated the Appellants due process as to a fair hearing to revoke bond. The loss of liberty interfered with the Appellant ability to preservation of justice and the presumption of innocence before conviction,

2.

and deprived the Appellant the ability to participate in a wide range of activities that are important to the administration.  [sic]

{¶ 3} Myers' assignments of error—and the arguments in support of those assignments—are entirely unrelated to the order from which Myers appealed.  Because Myers has failed to assign error relating to the order from which he appealed, we find his assignments of error not well-taken and we affirm the judgment of the trial court.  Myers is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE